IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| OSCAR-DARCELL: WIGGINS, BENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-039 |
| | ) | |
| HAL J. LEITMAN; VANDERBUILT | ) | |
| MORTGAGE AND FINANCE, INC; | ) | |
| and ROUNTREE, LEITMAN & KLEIN, | ) | |
| LLC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case on May 25, 2022, and because he paid the initial filing fee and is proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case that same day. (Doc. no. 4.) The Court explained Plaintiff is responsible for serving all Defendants and directed the Clerk of Court to attach a copy of Rule 4 to the May 25th Order, so Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1-2.) The Court specifically informed Plaintiff that, pursuant to Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and failure to accomplish service could result in dismissal of the case. (Id. at 2.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed

without prejudice for failure to timely effect service. (Doc. no. 5.) Plaintiff did not respond.

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds no other circumstances warrant another extension of the service period. The Advisory Committee Note to Rule 4(m) provides guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1193 Amd.). Aside from the issuance of summons for Defendant Leitman the same day Plaintiff filed the complaint, the record does not reflect any attempt by Plaintiff to cure or effect service, let alone suggest any Defendant may be evading service.

Moreover, Plaintiff has not responded to the Court's August 23, 2022 Order or otherwise taken any action since the improper summons issued on May 25th. Thus, Plaintiff has abandoned his case. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").

Additionally, the Local Rules of the Southern District of Georgia provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of

any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

In sum, Plaintiff commenced this case over ninety days ago, and the Court has warned Plaintiff on multiple occasions that failure to effect service would lead to dismissal of the entire case. (See doc. nos. 4, 5.) Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendant and abandonment of the case. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991); Eades, 298 F. App'x at 863; Fed. R. Civ. P. 41(b).

SO REPORTED and RECOMMENDED this 14th day of September, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA